**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 13 2012, 9:02 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STEVEN RIPSTRA**
Ripstra Law Office
Jasper, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFFREY M. STEFFEN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 19A04-1110-CR-588 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DUBOIS CIRCUIT COURT
The Honorable William E. Weikert, Judge
Cause No. 19C01-1003-FC-59

**August 13, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Following a jury trial, Jeffrey Steffen appeals his four convictions of intimidation and his single conviction of theft, all Class D felonies. Steffen raises three issues, which we consolidate, reorder, and restate as two: whether the trial court reversibly erred in allowing into evidence items found in Steffen's vehicle, and whether sufficient evidence was presented to sustain each of his five convictions. Concluding that by allowing the challenged items into evidence the trial court committed harmless error, and that sufficient evidence was presented, we affirm.

## Facts and Procedural History

In February 2010, Steffen purchased a moped from Lindsey Denton. At the time of the sale, Denton told Steffen she would give him the key in about one week, but did not do so.

On March 21, 2010, Steffen happened to drive by Denton's home and decided to stop to get the key from Denton. Four people were inside Denton's home when Steffen arrived: Denton, Jordon Shelton, Jason Walters, and Alex Snedeker. Steffen routinely carried a licensed handgun, thus he was armed as he walked up Denton's driveway. From inside, Shelton witnessed Steffen remove a key from the ignition of Snedeker's moped in the driveway. The four then stepped outside and began to argue with Steffen.

The argument became heated, and eventually Steffen displayed to the four his handgun on his hip. Steffen threatened to pistol whip anyone who challenged him. The tension continued to rise as at least one of the four picked up a rock, and police were called. When police arrived, Steffen threw the key in the yard, displayed his handgun to an officer, and was arrested. During his arrest, officers found another handgun strapped

to Steffen's ankle; during an inventory search of Steffen's vehicle, which they towed, they discovered a third handgun, ammunition, and an ammunition magazine.

A jury found Steffen guilty of four counts of intimidation and one count of theft, all as Class D felonies. The trial court entered a judgment of conviction and sentenced Steffen to five one-year terms to be served concurrently, all suspended to one and one-half years of probation. Steffen now appeals his convictions.

Discussion and Decision

I. Admission of Evidence

A. Standard of Review

A trial court has broad discretion in ruling on the admissibility of evidence. Packer v. State, 800 N.E.2d 574, 578 (Ind. Ct. App. 2003), trans. denied. We will reverse a trial court's ruling on the admissibility of evidence only when the trial court abused its discretion. Id. An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. Id.

B. Items in Steffen's Vehicle

Over Steffen's objection, the trial court allowed the State to introduce into evidence the inventory log of his car, and also a handgun found therein, and allowed the State to display to the jury ammunition and an ammunition magazine also found in Steffen's car during the inventory search. There was no allegation that Steffen's possession or storage of these items in his vehicle was unlawful, and there is no suggestion in the record that these items were relevant to the charged offenses.

Our supreme court has recognized that the introduction into evidence of weapons not used in the commission of the crime and not otherwise relevant to the case may have

3

a prejudicial effect. Hubbell v. State, 754 N.E.2d. 884, 890 (Ind. 2001). Error in the admission of evidence is harmless, however, if it does not affect the substantial rights of the defendant. Id. (quotation omitted) (concluding that a defendant's substantial rights were not violated by the introduction of a gun and ammunition unrelated to the offenses). The improper admission of evidence is also harmless if the erroneously admitted evidence is "merely cumulative of other evidence in the record." Bryant v. State, 802 N.E.2d 486, 494 (Ind. Ct. App. 2004), trans. denied.

The evidence which Steffen argues the trial court erred in allowing into evidence was merely cumulative of other evidence in the record, namely, Steffen's testimony.[1] When asked on direct examination how often Steffen wears firearms, he stated:

> It was like, let me use the analogy, putting a T-shirt on, I think, or a shirt. It was like putting on my underwear every day, or you know, it's something that was always on. I always had a gun in the car. The gun was in the car twenty-four seven for years.

Tr. at 239 (emphasis added).

Steffen now argues that for the State to introduce evidence which made it clear to the jury that Steffen had a gun and ammunition in his vehicle was so prejudicial that it affected his substantial rights, but Steffen told the jury himself that he always has a gun in his car. The erroneous admission of cumulative evidence is not reversible error. See Robinson v. State, 693 N.E.2d 548, 551 (Ind. 1998) (concluding that admission of five

---

[1] While objecting to the State's introduction into evidence of the inventory log, Steffen indicated he planned to object when the State later attempted to introduce into evidence the gun found in his vehicle. See Transcript at 167-69. The trial court's response is somewhat unclear and could be read such that Steffen might have believed that he did not need to make a contemporaneous objection, even for the record and without detail. While the failure to object contemporaneously generally waives an issue for appellate review, we acknowledge that the failure of Steffen to object here might have been in reliance on the trial court's ambiguous statement. In any event, we do not rely on this failure to object or the evidence thus introduced into evidence to determine this issue.

4

hearsay statements were not reversible error because all five were confirmed by witnesses' trial testimonies).

## II. Sufficiency of the Evidence

### A. Standard of Review

When reviewing the sufficiency of the evidence, we do not evaluate the credibility of witnesses or reweigh the evidence. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). Rather, we consider only the probative evidence and reasonable inferences most favorable to the trial court's ruling. Id. (citation omitted). The judgment will be affirmed if that evidence and those inferences constitute substantial evidence of probative value to support the judgment. Warren v. State, 725 N.E.2d 828, 834 (Ind. 2000).

### B. Intimidation

To convict Steffen of each count of intimidation, the State was required to prove beyond a reasonable doubt that Steffen communicated to each person a threat to commit a forcible felony with the intent that each person was placed in fear of retaliation for the lawful act of confronting Steffen about Snedeker's key. See Ind. Code § 35-45-2-1. A "threat" is an "expression, by words or action, of an intention to . . . unlawfully injure the person threatened . . . ." Id. at 35-45-2-1(c)(1). "'Forcible felony' means a felony that involves the use or threat of force against a human being, or in which there is imminent danger of bodily injury to a human being." Ind. Code § 35-31.5-2-138.

While Steffen concedes that he displayed his gun to the four people at Denton's home, he argues that the evidence was insufficient to prove that he did so to communicate a threat for the purpose of intimidation. Our supreme court addressed a similar argument in Johnson v. State, 743 N.E.2d 755, 756 (Ind. 2001). In Johnson, the defendant made

5

multiple derogatory statements to an out-of-uniform officer, and when the officer began to exit his vehicle to confront the defendant, the defendant lifted his jacket to display the top of an automatic handgun and stated, "Don't even think it." Id. at 756. Our supreme court affirmed the defendant's intimidation conviction because the defendant introduced the gun into an emotionally charged environment and suggested a willingness to use it as needed. Id.

Steffen's conduct paralleled that of Johnson. Here, witnesses testified that an argument occurred, that Steffen displayed his gun and threatened to "pistol whip" anyone in the group that challenged him, and that they believed he would do so. On appeal Steffen refers us to contrary evidence presented, but we do not reweigh evidence or assess the credibility of witnesses. Therefore, sufficient evidence was presented to sustain Steffen's four intimidation convictions.

## C. Theft

To convict Steffen of theft as a Class D felony, the State was required to prove beyond a reasonable doubt that Steffen knowingly or intentionally exerted unauthorized control over Snedeker's key with the intent to deprive Snedeker of its value or use. See Ind. Code § 35-43-4-2(a). Steffen argues that he should not have been convicted of theft because the evidence does not support a finding that he intended to deprive Snedeker of the key's value or use.

When Steffen arrived at Denton's residence, Shelton witnessed Steffen take the key out of Snedeker's moped. Snedeker later requested Steffen return the key, but Steffen declared he would not do so until Denton gave to Steffen the key to his recently purchased moped. Steffen held onto Snedeker's key until officers arrived to diffuse the

6

situation and arrest Steffen, at which point Steffen threw the key into Denton's yard. The evidence and reasonable inferences therefrom support the jury's finding that Steffen took the key, intended to deprive Snedeker of the key's value or use for an indefinite period of time, and in fact did so while Snedeker was requesting its return. Sufficient evidence was presented and we affirm Steffen's theft conviction.

## Conclusion

We conclude that the trial court committed harmless error in allowing into evidence items from Steffen's vehicle. We also conclude that sufficient evidence was presented to sustain his five convictions, and therefore affirm.

Affirmed.

BAKER, J., and BRADFORD, J., concur.